`UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALESIA DIANE BRADLEY,**

    **Plaintiff,**

v.                                                                           **Case No: 6:17-cv-1439-Orl-ACC-PRL**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

**I.   BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff protectively filed an application for a period of disability and disability insurance benefits (DIB) on April 12, 2014 (Tr. 20, 131). The application was denied initially and on reconsideration (Tr. 76, 82). An administrative law judge (ALJ) held a hearing on August 2, 2016, and issued a decision on August 31, 2016, finding Plaintiff was not disabled through the date of the decision (Tr. 17-28, 33-54). The Appeals Council denied Plaintiff's request for review (Tr. 1-6). This case is now ripe for review under 42 U.S.C. § 405(g).

(Doc. 20, p. 1).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

At the time of the ALJ's decision, Plaintiff was 54 years of age. (Tr. 28, 131). Plaintiff completed two years of college, and has past work experience as a bookkeeper. (Tr. 51, 160-61). Based on a review of the record, the ALJ found that Plaintiff had the severe impairments of a back disorder and obesity/weight gain. (Tr. 23). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a reduced range of sedentary work. The ALJ found:

> [Plaintiff] can occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, frequently balance, occasionally stoop, and frequently kneel, crouch and crawl. The claimant is further limited to frequent bilateral reaching, handling, and fingering, must avoid concentrated exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas, and be able to stand in place for a minute every 15 minutes.

(Tr. 24).

Based upon this RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff is capable of performing past relevant work as a bookkeeper, both as generally described in the DOT and as actually performed by claimant. (Tr. 28). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 28).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.   DISCUSSION

Plaintiff raises a single argument on appeal – that the ALJ failed to properly evaluate Plaintiff's allegations of pain and limitations. (Doc. 19, p. 1). Plaintiff contends that the ALJ erred by failing to credit Plaintiff's subjective testimony regarding the severity of her symptoms, including pain, inability to sit or stand for prolonged periods, and difficulty with daily activities. (Doc. 19, p. 7). Plaintiff argues that the ALJ's reasons for rejecting Plaintiff's testimony are "not based on the correct legal standards or supported by substantial evidence."  (Doc. 19, p. 8). Plaintiff argues that the ALJ failed to consider that she had been taking strong narcotic medication, including hydrocodone and morphine, but stopped taking the medication because she was

concerned about becoming addicted.   Plaintiff also argues that the ALJ misinterpreted Plaintiff's activities of daily living, and contends that her daily activities were of only short duration and not inconsistent with her testimony regarding limitations.

When a claimant alleges he or she has disabling subjective symptoms, the ALJ must determine whether the claimant has a condition that could reasonably be expected to cause the symptoms.   20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).   If the ALJ determines the claimant has such a condition, the ALJ will evaluate the alleged symptoms' intensity and persistence and how they limit the claimant's ability to work.  *Id*.   The ALJ will consider the claimant's testimony regarding his or her symptoms, including any inconsistencies between the testimony and the other evidence.   20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4).   An ALJ may reject a claimant's testimony of disabling symptoms as not credible if he provides "explicit and adequate reasons." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

First, Plaintiff argues that the ALJ improperly rejected her testimony because Plaintiff had received "relatively conservative" treatment for her back pain.  (Doc. 19, p. 8, Tr. 27).   In fact, the ALJ laid out a comprehensive explanation of how he considered Plaintiff's subjective allegations, including consideration in terms of activities of daily living, location, duration, and frequency of symptoms, the type of medication and any side effects, other treatment the claimant has received, any other measures the claimant has used for symptom relief, and other relevant factors.  (Tr. 27).   By way of explaining the "relatively conservative treatment" for Plaintiff's back pain, the ALJ expressly noted that Plaintiff had decided to stop taking narcotic pain medication and instead used NSAIDs, muscle relaxants, and Cymbalta.   (Tr. 27).   He noted that

she had been referred to physical therapy, but had not received any recent facet joint or trigger point injections. (Tr. 27). He considered her testimony that she would spend a typical day intermittently cooking and cleaning (Tr. 27, 47). He also discussed the opinion evidence of the state agency medical consultant. (Tr. 27).

Indeed, the ALJ explicitly articulated his credibility finding, noting that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 25). Upon review, I find that this determination is supported by substantial evidence.

While Plaintiff takes issue with the ALJ's interpretation of her daily activities, and as well as the ALJ's characterization of her treatment as "relatively conservative," Plaintiff fails to acknowledge that the ALJ considered the evidence as a whole, and that there were other significant reasons that the ALJ found Plaintiff only partially credible. The ALJ also considered objective medical evidence, including MRI results from February 2014 that showed no more than mild abnormalities (Tr. 26, 316), as well as "mild to moderate" canal stenosis (Tr. 26, 316). The ALJ further noted other medical evidence, including numerous treatment notes that Plaintiff required no assistance with bathing, cooking, dressing, driving, housekeeping, or shopping. (Tr. 26-27, 286, 291, 300-01, 337, 347, 357, 362, 366).

As the ALJ observed, in 2016, Plaintiff's treatment for her back pain consisted of only medication and referral to physical therapy. (Tr. 26, 513). The ALJ specifically noted this fact as part of his explanation regarding Plaintiff's "relatively conservative treatment for her back pain," observing that she had not had any recent facet joint or trigger point injections. (Tr. 27). The ALJ accurately noted that this treatment was relatively conservative, particularly in comparison

with Plaintiff's prior treatment, which did include some trigger point injections.  (Tr. 26, 298). Indeed, a review of Plaintiff's records, including records from the National Pain Institute, support the ALJ's findings.   For example, when Plaintiff's spine was inspected, she was found to have no swelling, no erythema, and no ecchymosis. (Tr. 297, 302).

The ALJ also considered the opinion of state agency consultant Bettye Stanley, D.O, who ultimately concluded Plaintiff was less limited than the ALJ found her to be.  In fact, the ALJ found that the consultant did not adequately consider claimant's subjective complaints.  (Tr. 27, 70-72).  As the ALJ stated, the RFC "determined herein takes into account the benign objective findings but also generously considers the claimant's subjective complaints."  (Tr. 27).  Notably, Dr. Stanley found Plaintiff was capable of a range of light work, but in consideration of Plaintiff's subjective complaints, the ALJ found that she was only capable of a range of sedentary work.   (Tr. 24, 27, 70-72).

The Court agrees that the ALJ had explicit and adequate reasons to discount Plaintiff's testimony regarding her symptoms and limitations.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The ALJ's decision should be affirmed because substantial evidence supports the ALJ's evaluation of Plaintiff's condition and the credibility determination regarding her subjective complaints.  *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

**IV.  RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and RECOMMENDED** in Ocala, Florida on June 25, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties